MARVIN E. GILMORE, JUNIOR vs. REGISTRAR OF MOTOR
VEHICLES.

Middlesex.    February 8, 1956. — June 5, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Superior Court*, Transfer of case to Supreme Judicial Court.  *Certiorari.*
  *Supreme Judicial Court*, Jurisdiction.  *Practice, Civil*, Report.

A certiorari proceeding commenced in the Superior Court could not be
  and was not transferred to this court by a purported order of trans-
  fer by a judge of the Superior Court, and a report of the case by a
  single justice of this court brought nothing.to the full court and must
  be dismissed.

PETITION for a writ of certiorari filed in the Superior
Court on December 1, 1955.

Following a purported transfer of the case to the Supreme
Judicial Court for the county of Middlesex by a judge of the
Superior Court, there was a reservation and report by
*Counihan, J.*

In this court the case was submitted on briefs.

*George P. Lordan & Wilfred J. Peltier*, for the petitioner.

*Edward F. Mahony & Samuel H. Cohen*, Assistant
Attorneys General, for the respondent.

QUA, C.J.    Proceedings in this case appear to have been
irregular throughout.   The action was begun by a petition
for a writ of certiorari in the Superior Court.   The docket
entries show a purported transfer of the case to this court
by order of a judge of the Superior Court.   A justice of this
court may order such a transfer.   G. L. (Ter. Ed.) c. 213,
§ 1A, as appearing in St. 1941, c. 180; § 1B, inserted by
St. 1939, c. 257, § 1.   C. 214, § 32.   But we are not aware
of any authority under which a judge of the Superior Court
may do so.   No return has been filed by the respondent.
Instead, the parties attempted to stipulate that the agreed

statement of facts filed in the case of *Winch* v. *Registrar of Motor Vehicles, ante,* 271, should apply to this case as well. Thereupon the single justice of this court reported the case without decision. Since the case does not appear ever to have been in this court, the report brought nothing to the full court and must be dismissed.

It may not be out of place to add that in our opinion the decision in the *Winch* case covers the issues intended to be raised in this case.

*Report dismissed.*